We are awaiting one of our attorneys I think we've got both Mr. Bloodworth is here in the room with us because according to the record says remote wonderful all right then we will call thank you very much appeal number 23 1542 United States vs. Christopher Christophel and Mr. Fine Judge Rovner we just lost Mr. Fine he was up on the screen and we've just lost him. Oh, dear. Where's our it. They're jumping on it right now. Wonderful. We did see him he was he was on the screen. I saw him as well. Thank you. Yeah. Oh, dear. Thank you. Thank you. Thank you. Thank you. I'm calling him now on the phone. Oh good. Thank you. Here we go. There you are. There you are. Honestly, I know it's so nerve wracking isn't it. Anyway, we did call the case, and Mr. Fine you may begin whenever you're comfortable. Thank you, and may it please the court. My name's Adam Fine and I represent Mr. Christopher Christophel. This case involves one claim of instructional error that worked to Mr. Christophel's prejudice. We ask that you reverse and remand the case to the district court for a new trial. The government charged Mr. Christophel with attempted enticement to the minor. The district court read 27 instructions to the jury before it began its deliberations. Instruction 13 instruction five among them. The court read instruction 13 first read instruction five after instruction 13 listed the elements of the offense. Five in all, two of which are relevant here. Element one and element four. Element one read the defendant used a facility or means of interstate commerce to knowingly attempt to persuade, induce, or entice an individual to engage in sexual activity. Element four read the defendant took a substantial step toward committing the crime of enticement of a minor. Instruction five, the offending instruction, served a different purpose. It purported to explain the relationship between the terms attempt and substantial step and what the government must prove to establish that the defendant took a substantial step towards a section 2422B violation. Instruction five contained two paragraphs. The first paragraph was based on this court's pattern instruction 409. The second paragraph was not. The second paragraph was based on the government submitted modification to section 202. Instruction 409 predicated on statements made by this court and others. Now, if we knew that the jurors followed instruction 13, is there any possibility that the jurors erroneously found Mr. Christopher guilty? Yes, I think so. Instruction five was right after instruction 13. Therefore, it would be reasonable for the jurors to presume that instruction five clarified instruction 13. In addition, there was a presumption that jurors followed the instructions they read. If that's true, then the jurors in this case followed a wrong instruction, an instruction that had a misstatement of the law, a bad misstatement of the law in instruction number five. So if we apply the presumption to instruction 13, what's good for the goose is good for the gander. We also have to apply that presumption to instruction five. Instruction five was a misstatement of the law. Mr. Fine, I'm familiar with your sequence argument. We are to read the instructions holistically. It strikes me there's a couple points preliminarily. First, the instruction doesn't track the statute in part. Secondly, there is a deviation from the pattern instruction. However, the wording that is taken out, persuade, induce, or entice, is elsewhere. And I'm wondering how one would read that first element and the fourth element separately. Wouldn't you read those together and wouldn't persuade, induce, or entice inform what a substantial step is? Perhaps not. But looking at the second paragraph of instruction number five, I think the preparatory language is important. It says, in order to meet its burden in this case, the government must prove that the defendant took a substantial step towards causing a person he believed to be a minor to assent or agree. I think looking at that language, it's very possible and very likely that the jurors would have seen that as clarifying what instruction 13 had to say and would have focused their attention on this paragraph. This paragraph would have said something very different. At a minimum, it would have generated some great confusion as to what everything meant. And, of course, what took place in those deliberations we'll never know because we're not permitted to invade the deliberations of the jurors. What error in instruction five would permit a juror to conclude that the agent, rather than Christoffel, was persuading, enticing, or inducing? I don't think that would suggest that the agent was the person doing the persuading, inducing, or enticing rather than Mr. Christoffel. It's just that the second paragraph of instruction five eliminates altogether that the requirement that the jurors find anybody persuaded, induced, or enticed to engage in sexual activity. Because all it requires is that the jurors find that someone caused Allie or a person to assent or agree to engage in sexual activity. And, of course, causing somebody to do something is much different than persuading, inducing, or enticing someone to do something. As I mentioned in my brief, my employer might terminate my employment contract and, in so doing, perhaps need me to take out a loan to tide myself over. By terminating my employment contract, my employer may have caused me to obtain that loan, but my employer certainly didn't persuade, induce, or entice me to do so. Causing is much, much broader than persuading, inducing, or enticing. Isn't it a problem, though, Mr. Fine, that that same language is the next instruction, right? I mean, it's there. It's just not in the place that you want it to be. Is that correct? Well, the instruction packet, Instruction 13, does contain in Element 1 the language persuade, induce, and entice. That is true. But Instruction 13 preceded Instruction 5. Instruction 5 came afterwards. And I think it would be reasonable to presume that the jurors looked at Instruction 5 as a clarification. And however the jurors looked at it, there is no way it did not generate confusion, just as it generates confusion for me. How can it be that in Instruction 5, Paragraph 2, I'm told that to meet its burden of the case, the government must prove that the defendant caused a person he believed to be a minor to assent or agree, and yet in a preceding instruction, Instruction 13, in one of five elements, I'm told that there must be persuasion, inducement, and enticement. Those are two different things. I think it's fair to presume, for the reasons I've discussed as well, that this change, the substitution in the statute, so forgive me, in Instruction 5, obviously her claim is Instruction, Paragraph 2 of Instruction 5 should not have been included at all. But if it were included, it should have read quite differently. It could have very easily been written and should have been written to read, in order to meet its burden of this case, the government must prove that the defendant took a substantial step towards knowingly persuading, inducing, or enticing a person he believed to be a minor to engage in a criminal offense of aggravated criminal sexual abuse under Illinois law. But, of course, it did not say that, and the substitution of the former for the latter worked to Mr. Christoffel's prejudice and worked to change the law that is not supported by the statutory text or by the pattern instructions of this court. And I think for the reasons that we've already discussed, it worked to the prejudice of Mr. Christoffel. I want you to save some time for your rebuttal. Forgive me, I will save the remainder of my time. Thank you so much, Your Honor. Yes, thank you. All right, Mr. Bloodworth. Hello. Good morning, Your Honor, and good morning, Your Honors. I'm pleased to court Casey Bloodworth on behalf of the Appalachian United States. As this court is well aware, this court reviews jury instructions de novo, but grants the district court substantial discretion on the formulation of those instructions if they accurately state the law. Reversal is only appropriate when the instructions viewed as a whole misguide the jury to the litigant's prejudice. Would you concede that the second paragraph of Instruction 5 is ambiguous as to the necessary mens rea or conviction? I would not, Your Honor, and for this reason, the second paragraph of Instruction 5 discusses, guides, and instructs the jury on what the specific intent is required in 2422B cases, and it's a direct result of this court's precedent in United States v. Berg. In Berg, this court essentially collected sister circuits' views on what is the specific intent required in a 2422B violation. Is it gaining the assent of the minor to engage in sexual activity, or is it the consummation of that sexual act itself? And this court, in formulating Berg, relied on United States v. Lee from the 11th Circuit, which stated that a conviction for attempted enticement under 2422B requires proof, quote, that the defendant intended to cause assent on the part of the minor, not that he acted with a specific intent to engage in sexual activity. Further, this court reviewed Getsky out of the 9th Circuit and concluded the same. Ultimately, this court, in Berg, decided thus, quote, Section 2422B violations criminalize an intentional attempt to achieve a mental state, a minor's assent, regardless of the accused's intentions vis-a-vis the consummation of sexual activities with the minor. This instruction guided the jury on what that specific intent is. It did nothing to modify the essential elements of the offense. And this is an issue that certainly was at issue in Mr. Christoffel's case, but is an issue in a number of these cases, where a defendant, particularly in a post-arrest statement, and Mr. Christoffel, in his post-arrest statement, gave the self-serving statement that, I never intended on having sex with this minor. Mr. Christoffel, among many of his statements, said, I merely wanted to see if she was actually 15, and if she was 15, I was going to leave. So the instruction's an accurate statement of the law. It's based on this court's precedent and collection of that body of case law from not only this circuit, but sister circuits, on the specific intent. The means in which an individual gains the assent or causes the assent of the minor is spelled out in the essential elements of the offense, which were given to this jury in instruction number 13. The means for that is persuasion, inducement, and enticement, or persuasion, inducement, enticement, or coercion. And to respond to Mr. But that's for the underlying. Pardon your honor? That's for element one. Right. The use of a means of interstate facility to persuade, induce, entice, or coerce a minor to engage in sexual activity. That's the manner in which the offense is committed. The specific intent is to gain or cause that assent. And this instruction deals with those common defenses of, I never intended to have sex with this minor. Mr. Fine and the appellant, I believe, wants to parse out that one specific sentence, which cannot happen. As this court knows, we have to view these instructions as a whole. And as Judge Brennan pointed out, view them holistically, read them holistically, altogether. That instruction went on to say that it's not an element of the offense that the government has to prove that the defendant intended to have sex with the minor. Just that he intended to cause the assent or agreement of the minor through those means that were identified in the prepositions instruction or the elements instruction. To illustrate on Mr. Fine's example, that if an employer discharged his employee and he went out to get a loan, that's causing him to get a loan, even though it's not persuasion, inducement, enticement. One further means or way to commit that is through coercion. In that example, the individual would have been coerced into getting a loan, still a cause, but the manner or means of its execution was through that coercion. Now, coercion wasn't at issue in Mr. Christoffel's case, but in the appellant's example or hypothetical, it would be. And that's a specific means to achieve that mental state. So when viewed as a whole, there's no indication and there's nothing in the record to suggest that the jury was misled or misguided by these instructions. It's an accurate statement of the law and the district court is given substantial discretion on drafting and formulating those instructions. Further, the appellant has demonstrated absolutely no prejudice. His example and his brief prejudice was pointing to his closing argument that it was the agent that was actually doing the persuasion, inducement, or enticement. And that specifically dealt with another body of case law from this court and other courts that even a willing minor can be persuaded, induced, and enticed. And that was another instruction that was given to the jury, which further illustrates that when viewed holistically and viewed as a whole, there's no indication in this record that instruction number five misled or misguided the jury or the instructions as a whole did. What was the evidence? If we disagree with you and we find the jury was not properly instructed, what evidence will we be able to stand on to establish going to Judge Roedner's question at the beginning that this conviction was proper beyond a reasonable doubt? Well, I think the absence of any indication that the jury was misguided is evidence enough. We can't speculate, obviously, on what the jury did. They're presumed to follow the law and follow the instructions. And when viewed as a whole, these instructions properly informed and guided the jury and contain no misstatements of the law. So to answer your question, I think the absence of any evidence is evidence enough to presume that the jury did, in fact, follow the law and follow the instructions. Unless the court has any other questions, the government will rest on its brief and ask the court to affirm the judgment conviction alone. Thank you, Mr. Bloodworth. Thank you very much. Mr. Fine, two minutes. Mr. Fine, I believe you're muted. Forgive me if the government wanted to simply inform the jurors that they did not need to find that Mr. The very first sentence in that second paragraph is the one that generates the confusion and that the government's reading would have been a wholly unnecessary. And the difference is that first sentence in the second paragraph states affirmatively what the government must prove, not what they need not prove, as does the second sentence. In addition, Berg and Getsky are in a completely different context and are not particularly a positive here. In each of those two cases, the defendant appellants argued that there was insufficient evidence to convict because they did not harbor an intent to engage in sexual activity with a minor. In each of those two cases, the court was simply pointing out that the law does not work to net people intending to engage in sexual activity with a minor. It works to net people who are attempting to persuade, induce, or entice minors to engage in sexual activity. Therefore, the general purpose of the statute is to work to net those who are trying to achieve the assent or agreement of a minor to engage in sexual activity. But there is still a means, as Mr. Casey and Mr. Bloodworth acknowledges, by which the government must prove that the defendant did so. And that those specific means are persuading, inducing, enticing, or coercing. So the general purpose of the statute may have been expressed in cases like Berg and Getsky, but that has little to do with what the law requires in order to sustain or uphold the conviction under 2422B. And to do so, there must be evidence beyond a reasonable doubt that the defendant persuaded, induced, or enticed another individual he believed to be a minor to engage in sexual activity. Thank you very much. Oh, thank you very much. Thank you very much. And thank you, Mr. Bloodworth, as well. Case will be taken.